UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOWARD N. DANIELS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | NO.: 3:04-CV-507 (CR. 3:02-CR-102) |
| UNITED STATES OF AMERICA, | ) ) | (VARLAN/GUYTON) |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Howard N. Daniels brings this *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, alleging, as his sole ground for relief, that he had ineffective assistance of counsel in the entry of his guilty plea [Doc. 1]. He has also filed a motion for copies of his sentencing and change-of-plea transcripts and his presentence report [Doc. 2]. The United States has responded to these motions, contending that relief is not justified in this case and that both of the petitioner's motions should be denied [Doc. 4]. The petitioner has filed a memorandum in reply to the response, fleshing out the ineffective-assistance claims asserted in the § 2255 motion [Doc. 8]. Finally, the petitioner has filed motions for leave to file a reply and for an evidentiary hearing [Docs. 5 and 7]. Obviously, since the petitioner has submitted his reply, his motion for permission for leave so to do is now moot and will be **DENIED** [Doc. 5].

### **I. STANDARD OF REVIEW**

This Court must vacate and set aside a petitioner's conviction if it finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as

to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 434, 428 (1962)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F2d 85, 92 (6th Cir. 1986). The Court finds no need for an evidentiary hearing in this case and will deny his motion to hold such a hearing [Doc. 6].

## II. **FACTUAL BACKGROUND**

On September 4, 2000, a federal grand jury returned a one-count indictment charging the petitioner with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Subsequently, he entered into a plea agreement [Doc. 31 in Criminal Action No. 3:02-cr-70]. An Agreed Factual Basis was prepared and filed along with the plea agreement [Doc. 30 in Criminal Action No. 3:02-cr-70]. In the factual agreement, the petitioner admitted that, on July 24, 2000, three Knoxville Police officers, responding to 911 complaints reporting that the petitioner was drunk and had been shooting a pistol, found him with a pistol in his pocket. The petitioner further agreed that there were witnesses to the event who had positively identified him as possessing and shooting a firearm and that he had himself admitted to possessing the pistol. He stipulated that a fingerprint analysis established

2

that he had five prior convictions for armed robbery, burglary and grand larceny, escape, arson, and sale of diazepam. Finally, he stipulated and that the pistol in his possession, according to the Bureau of Alcohol, Tobacco, and Firearms, was a modern firearm and had to affect interstate commerce to be found in Tennessee.

Thereafter, the petitioner pled guilty to the felon-in-possession charge; was found to be an armed career criminal, *see* 18 U.S.C. § 924(e); and was sentenced to a term of imprisonment of 180 months. He did not appeal. This instant section 2255 motion followed.

### III. **DISCUSSION**

A petitioner who alleges a claim of ineffective assistance of counsel must show that his attorney's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Where a petitioner challenges a guilty plea, he must establish: 1) that the advice he received from counsel in entering the plea was not within the range of competence demanded of attorneys in criminal cases and 2), that he was actually prejudiced in his defense because there is a reasonable probability that, without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985).

In judging an attorney's conduct, a court should view counsel's performance with great deference, engaging in a strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant. *Id.*, at 691-92. Unless there is a likelihood of a successful defense to the charge, no alleged error by

3

counsel is a basis for relief. *Hill*, 474 U.S. at 59. Indeed, counsel is constitutionally ineffective only if a performance which fell below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The petitioner was represented during his guilty plea and sentencing proceedings by Elizabeth B. Ford, the Federal Public Defender. Broadly construing the petitioner's *pro se* pleading, he charges that Ms. Ford provided ineffective assistance by failing to investigate his prior state court convictions to ensure that they could be used to increase his sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. §924(e), and by failing to request an evidentiary hearing with respect to those convictions.

The ACCA imposes a mandatory minimum sentence of 15 years in prison for possession of a firearm by a convicted felon who has three prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e). To support the enhancement, the PSR identified the following three prior convictions:

1) a conviction for armed robbery in the Knox County, Tennessee Criminal Court on January 22, 1969;

2) a conviction for escape in the Knox County, Tennessee Criminal Court on July 18, 1975; and

3) a conviction for arson in the Knox County, Tennessee Criminal Court on October 18, 1994.

The petitioner's supposed argument is that his armed robbery conviction did not qualify as a predicate offense for sentencing purposes under the ACCA because the Tennessee Board of Probation and Parole deemed him to be innocent and commuted his sentence from thirty years to ten years. The United States suggests, in its response, that, because the armed robbery conviction was not vacated or set aside, it still counts as a predicate conviction under the AACA's sentence-enhancement provision.

4

A predicate offense under § 924(e) does not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." 18 U.S.C. § 921(a)(20). Whether a conviction lies within one of these categories must be made "in accordance with the law of the jurisdiction in which the proceedings were held." *Id.*

In Tennessee, the "commutation" of a sentence involves the imposition of a lessor or shorter sentence from the sentence imposed following the prisoner's conviction. *Lemay v. State, Dept. of Correction*, 29 S.W.3d 483, 485 (Tenn. 2000). The commuted sentence, in effect, "replaces the sentence imposed by the original judgment." *Id.* Thus, under state law, the thirty-year sentence was replaced with a ten-year sentence, but the original judgment of *conviction* of armed robbery remained intact and was not expunged or set aside. Not only was the conviction not set aside, but the petitioner was not given a pardon from that conviction or have his civil rights restored. Therefore, the armed robbery offense qualified as a predicate conviction under § 924(e) and there was no deficiency of performance on the part of the petitioner's attorney in failing to argue otherwise.

Moreover, the petitioner has not shown any resulting prejudice. This is so because there was no likelihood of a successful defense to the ACCA enhancement. He admitted, in the factual agreement, that he also had prior convictions for burglary and the sale of diazapam. Under the ACCA, the burglary conviction is a predicate offense because it is a crime of violence. *See Taylor v. United States*, 495 U.S. 575, 590 (1990) (finding that a defendant who has been convicted of a crime "having the basic elements of unlawful or unprivileged entry into...a building or structure, with intent to commit a crime" has been convicted of burglary for enhancement purposes under § 924(e)); *United States v. Turner*, 1993 WL 366543, *2 (6th Cir. Sept. 9, 1993) (holding that the crime of burglary, as it is

5

defined in Tennessee, satisfies the *Taylor* test). By the same token, the sale of diazapam is also a qualifying offense because it is a serious drug offense[1] since it involved a controlled substance and carried a term of imprisonment of ten years or more. *See* Tenn. Code Ann. § 39-17-412(c), § 39-117-417(a)(3) and (e)(2); and § 40-35-111. Therefore, counsel's supposed error resulted in no prejudice because it did not cause the petitioner to lose what he "otherwise would probably have won." And, since there is no question that the petitioner's prior state court convictions constitute predicate offenses under the ACCA, an evidentiary hearing on this matter was unnecessary,[2] and counsel was not ineffective for failing to seek such a hearing. The petitioner's claim that his counsel provided ineffective assistance fails entirely because he has not demonstrated that counsel's performance fell below the boundary of professional competence or resulted in any prejudice.

The petitioner has also filed what has been construed as a motion for copies of his sentencing and change-of-plea transcripts and his PSR [*see* Doc. 2, "Memorandum"]. Under 28 U.S.C. § 753(f), funds for a transcript are provided so long as a court finds "that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit."

In this case, the petitioner's motion does not contain specific factual allegations which would allow the Court to ascertain whether the requested transcripts are necessary to decide the issue presented in the § 2255 motion. Moreover, the Court has already determined that his claims of ineffective assistance lack merit. Finally, the Inmate Central File that is

---

[1] To qualify for use in enhancement, a prior drug offense must carry a term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A)(ii).

[2] The enhancement was supported, not only by the petitioner's own acknowledgment of his prior state court convictions in the Agreed Factual Basis, but also by copies of the judgments of convictions (and the documents associated with the commutation of the robbery)—all of which are contained in the probation officer's files.

6

kept at the BOP facility wherein the petitioner is confined contains a copy of his PSR, and the petitioner has the option of reviewing the materials in his file. *See* BOP Program Statement No. 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, available at http://bop.gov (last visited on August 25, 2005).

Therefore, because the petitioner has not shown a need for copies of transcripts or his PSR, his motion for free copies of these documents will be **DENIED**.

## IV. CONCLUSION

Accordingly, because the Petitioner has not established that his attorney provided constitutionally ineffective assistance, his § 2255 motion will be **DENIED**. A separate order will follow.

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7